IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO


DAMON LEWIS,

      Plaintiff,

v.                                                    CIV 09-0136 KBM/WDS

MICHAEL SANDOVAL, *et al.*,

      Defendants.

# ORDER GRANTING IN PART
# AND DENYING IN PART
# PLAINTIFF'S MOTION TO AMEND

      This action originated in this Court, and Plaintiff Damon Lewis alleges that an officer arrested him without probable cause and used excessive force in effectuating the arrest. The Complaint names two defendants – Michael Sandoval, the officer of the Los Lunas Police Department who arrested Plaintiff, and the municipality for which he works, the Village of Los Lunas. The Complaint is based exclusively on 42 U.S.C. § 1983 and the New Mexico Torts Claims Act, N.M. STAT. ANN. §§ 41-4-1, *et seq.*, though it does not specify which claims are brought under the state law. *See, e.g., Docs. 1, 13.* Plaintiff now seeks to amend his

complain to assert "deprivation of his rights secured by . . . Article II, Sections 10 and 18 of the New Mexico Constitution and for other torts actionable under the New Mexico Tort Claims Act." *Doc. 39-2* at 1. The proposed amended complaint clarifies which causes of action are brought under state and federal law. Although Section 18[1] is mentioned in the introductory paragraph to the proposed amendment, it is never mentioned thereafter. *See Doc. 39-2; see also Doc. 43-2.* Thus, the only state constitutional section at issue is Section 10 which is repeatedly referred to in the proposed amended complaint.

Plaintiff specifies that the New Mexico Tort Claims Act claims are based on § 41-4-12, which waives sovereign immunity and allows suits against law enforcement officers who are found liable for:

> personal injury, bodily injury, wrongful death or property
> damage resulting from assault, battery, false
> imprisonment, false arrest, malicious prosecution, abuse
> of process, libel, slander, defamation of character,

---

[1] Section 18 of Article II of the New Mexico Constitution is the "equal protection" counterpart to the federal Constitution and provides:

> No person shall be deprived of life, liberty or property without due
> process of law; nor shall any person be denied equal protection of
> the laws. Equality of rights under law shall not be denied on
> account of the sex of any person. The effective date of this
> amendment shall be July 1, 1973.

N.M. CONST. art. II, § 18.

> violation of property rights *or deprivation of any rights, privileges or immunities secured by the constitution and laws of* the United States or *New Mexico* when caused by law enforcement officers while acting within the scope of their duties.

N.M. STAT. ANN., § 41-4-12 (1977) (emphasis added).

Section 10 of Article II of the New Mexico Constitution is the "fourth amendment" counterpart to the federal Constitution and provides:

> The people shall be secure in their persons, papers, homes and effects, from unreasonable searches and seizures, and no warrant to search any place, or seize any person or thing, shall issue without describing the place to be searched, or the persons or things to be seized, nor without a written showing of probable cause, supported by oath or affirmation.

N.M. CONST. art. II, § 10; *see also, e.g., State v. Garcia,* ___ P.3d ___, 2009 WL 3094892 (N.M. 2009) (discussion of distinction between protection under federal Fourth Amendment and New Mexico Article II, Section 10) .

Defendants object in part to the proposed amendments arguing that some of the new allegations fail to state a claim because:  (1) "New Mexico courts . . . have never recognized that sovereign immunity is waived under the New Mexico Torts Claims act for claims arising under the New Mexico Constitution," *Doc. 40* at 2; and (2) the federal municipal liability claims do not identify a "specific policymaker or supervisor" and furthermore "contain no factual specificity about anything that

is alleged, just conclusory allegations in the nature of legal jargon," *id.* at 5.

I agree that amendment should be denied. As for the Section 10 claims, Plaintiff concedes that the New Mexico Courts have never addressed the issue. *See Doc. 43* at 2 ("New Mexico courts have not reached the issue of whether and under what circumstances waiver under § 41-4-12 may exist as related to [Section 10]"). Nor, I note, is there any guidance on the subject from the Tenth Circuit. It is true that an early decision from this District appeared to allow a Section 10 claim to proceed. *See Montes v. Gallegos,* 812 F. Supp. 1165, 1171 (D.N.M. 1992). However, I find persuasive other subsequent decisions in this District that have not allowed such claims to go forward.[2]

---

[2] *See, e.g., Reynolds v. Board of Commissioners of the County of Lincoln, et al.,* CIV 00-0168 LFG/RLP (Doc. 36 at 4; Chief Magistrate Judge Lorenzo F. Garcia, presiding by consent, holding: "An amendment to include a claim for violation of Reynolds' state constitutional rights by law enforcement officers would be futile, *because it does not appear that New Mexico courts allow such claims.* Even if there were an arguable case for allowing these claims, the Court would decline to accept supplemental jurisdiction pursuant to 28 U.S.C. § 1367(c)(1), under which a federal court may decline jurisdiction over a supplemental state claim, if the claim "raises a novel or complex issue of State law." *Because the Court finds that this claim is not cognizable under New Mexico law,* it does not reach the qualified immunity arguments advanced by Otero.") (emphasis added); *Vitali v. Farmington municipal Schools, et al.,* CIV 98-1301 PK/DJS (Doc. 36 at 6) (Circuit Judge Paul Kelly sitting by designation, dismissing "right to privacy" claim based on New Mexico Constitution based on *Lucero v. Salazar,* 877 P.2d 1106, 1107-08 (N.M. Ct. App. 1994) and *Blea v. City of Espanola,* 870 P.2d 755, 759-60 (N.M. Ct. App. 1994)); *c.f., Lops v. Haberman, et al.,* CIV 00-1268 JP/LFG (Doc. 108 at 4-6 ; Section 10 claim not directed at these particular defendants, so then-Chief United States District Judge James A. Parker expressed no opinion on the subject of Section 10; did not permit a Section 4 claim based on state cases expressly holding to the contrary; and declined to exercise supplemental jurisdiction over Section 11, 14, 17 and 18 claims where it was an "open question" whether qualified immunity applied" to the New Mexico Torts Act); *L'Esperance v. Mings, et al.,* CIV 02-0258 MCA/RLP (Doc.85 at

As for the municipality claims, in reply, Plaintiff tendered another proposed amended complaint, this time adding ten "Jane/John Does" as "employees, agents, supervisors and/or policy makers for the Village of Los Lunas and/or the Los Lunas Police Department." *Doc. 43-2* at 1.  He asserts that the Village of Los Lunas' "custom or policy" or "failure to train" "can be inferred by the obviousness of the facts" he asserts that allegedly constitute illegal conduct and "upon information and belief that this type of police abuse is business as usual within the Los Lunas Police Department – facts that Plaintiff intends to show after full and fair discovery." *Id.* at 13 (paragraph 83); *id.* at 114 (paragraph 89).  However, the Doe Defendants are "sued herein in their individual capacities" only,  *id.* at 3 (paragraph 7), and it is well-settled that municipal liability does not lie for individual capacity suits.[3]  Furthermore, Plaintiff's allegations are premised on conducting additional

---

9-10; District Judge Christina Armijo " even assuming that Section 41-4-6 of the NMTCA might apply to law enforcement officers, there is no evidence in this case that the gun was fired as a result of negligent operation or maintenance (such as a failure to keep the gun in good repair, or a failure to keep the gun properly holstered). . . .  It follows that Plaintiffs may not avail themselves of the waiver of immunity provided in Section 41-4-6 of the NMTCA under the circumstances of this case.  As a federal court interpreting state law, this Court declines to expand the NMTCA's waiver of sovereign immunity to cover Plaintiffs' novel theories without more specific guidance from the New Mexico courts. *See Taylor v. Phelan,* 9 F.3d 882, 887 (10th Cir. 1993) (holding that federal courts are generally reticent to expand state law without clear guidance from its highest court).").

[3]  *See, e.g., Meadows v. Whetsel,* 245 Fed. App'x 860, 862 (10th Cir. 2007) ("It is unclear whether Sheriff Whetsel was sued in his official or his individual capacity, so we will assume that he was sued in both.  To state a claim against the Board or against Sheriff Whetsel in his official

discovery, but that will not be possible because the Court has agreed to accommodate Plaintiff's request that the mid-December trial date not be rescheduled. *See Doc. 55* at 2. Thus, Plaintiff will not be permitted to add the Doe Defendants at this late date or engage in expanded discovery concerning his municipality claims.

That does not mean, however, that I am dismissing the municipality claims at this time. It may be, as asserted by Defendant, the municipal allegations fail to state a claim under Rule 8. *See Doc. 40* at 3-6. Nevertheless, Defendant did not move to dismiss the claims on that basis where the allegations were even more cursory. In light of fact that the Village of Los Lunas will be filing a dispositive motion if the matter does not settle at mediation, *see Doc. 55,* it is free to move to dismiss the municipality claims at that time.

Wherefore,

---

capacity, Mr. Meadows must allege that his injuries were the result of "a policy or custom." *Novitsky v. City of Aurora,* 491 F.3d 1244, 1259 (10th Cir. 2007) ( "A municipality cannot be held liable for its officers' actions under § 1983 unless those actions were caused by a policy or custom of the municipality."); *Myers v. Okla. County Bd. of County Comm'rs,* 151 F.3d 1313, 1316 n. 2 (10th Cir. 1998) (suits against a municipal officer acting in his official capacity are treated the same as those against a municipality).").

IT IS HEREBY ORDERED AS FOLLOWS:

1.  Plaintiff's motion to amend *(Doc. 39)* is GRANTED IN PART AND DENIED IN PART. To the extent that Plaintiff clarifies the bases for his causes of action, the motion is granted. To the extent that he seeks to add additional parties and the State Constitution as a ground for recovery under the New Mexico Tort Claims Act, the motion is denied. Plaintiff shall file a First Amended Complaint consistent with this ruling immediately;

2.  In light of the fact that trial will remain scheduled for December 14, 2009, and that Defendant intends to file a dispositive motion soon after the parties' November 3, 2009 mediation, the previously-set deadlines that were to have been amended when I scheduled trial will now be set as follows:

    Discovery Deadline – November 9, 2009
    Motions Deadline – November 16, 2009; and

3.  The Court will provide other expedited pretrial deadlines at the pretrial conference now scheduled for November 17, 2009 at 10 a.m. My judicial assistant will initiate the call to Joe Romero at 505-843-9776 and Robert Becker at 505-843-7075 unless notified of a different number.

_____
UNITED STATES MAGISTRATE JUDGE